# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SORETHA M. ELDRIDGE, | Case No. 1:25-cv-1909 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Reuben J. Sheperd |
| INNOVIS DATA SOLUTIONS, INC., | |
| Defendant. | |

## OPINION AND ORDER

Soretha M. Eldridge filed this action without a lawyer against credit reporting agency Innovis Data Solutions, Inc. The complaint contains very little factual information. Plaintiff alleges she is a survivor of human trafficking. She claims that she provided Innovis with "official human trafficking documentation" and that they "denied [her] dispute three times, preventing her from exercising her rights as a victim of human trafficking." (ECF No. 1, PageID #2.) She contends that Innovis deliberately failed to block fraudulent accounts in violation of 15 U.S.C. § 1681c-2. Based on 18 U.S.C. § 1595, which allows trafficking victims to recover damages from those who knowingly benefit from harms related to trafficking, she seeks monetary damages in excess of one million dollars.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the

Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff's complaint fails to meet the minimum pleading requirement of Rule 8. To meet the minimum pleading requirements, the complaint must give the defendant fair notice of what Plaintiff's legal claims are and the factual grounds on

2

which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Plaintiff cites 15 U.S.C. § 1681c-2 as the legal basis for her complaint. (ECF No. 1, PageID #3.) That statute requires a consumer credit reporting agency to block information that the consumer identifies as resulting from an alleged identity theft. *Id.* § 1681c-2(a). Then, the agency notifies the furnisher of information that the information may be a result of identity theft; that an identity theft report has been filed; and that a block has been requested by the consumer. *Id.* § 1681c-2(b). It makes no mention of human trafficking. The consumer credit reporting agency may decline to block information if it reasonably determines that the information was blocked in error or a block was requested by the consumer in error; if the information was blocked or requested to be blocked by the consumer on the basis of a material misrepresentation of fact; or if it determines that the consumer obtained possession of goods, services, or money as a result of the blocked transaction. *Id.* § 1681c-2(c)(1).

Here, Plaintiff does not provide any factual allegations with regard to a claim under the statute. She does not indicate which debt or debts she is disputing, how she disputed them with Defendant, or what reason Defendant gave for not blocking the accounts. Her complaint is stated solely as a legal conclusion. Without factual allegations, the complaint does not meet the minimum pleading requirements of Rule 8.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) and **DISMISSES** this action pursuant to 28 U.S.C. §1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: December 10, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio